# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CESAR FLORES-RAMIREZ,

        Petitioner,

      v.                                 Case No. 06-C-0056

WILLIAM POLLARD,

        Respondent.

## ORDER

Petitioner Cesar Flores-Ramirez ("Flores-Ramirez") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction for first-degree intentional homicide, as party to a crime. Wis. Stat. § 939.05. The court will review Flores-Ramirez's federal habeas petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *See id.* This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has

exhausted available state remedies, avoided procedural default and statute of limitations bars, and set forth cognizable constitutional or federal law claims.

Flores-Ramirez pled not guilty and was convicted following a jury trial. Flores-Ramirez appealed from the judgment of conviction, arguing that the evidence at trial was insufficient to support his conviction. The Wisconsin Court of Appeals affirmed the judgment, (State of Wisconsin v. Flores-Ramirez, Appeal No. 03-3478-CR (Wis. Ct. App. Nov. 2, 2004)), and the Wisconsin Supreme Court denied a petition for review on January 11, 2005.

On January 12, 2006, Flores-Ramirez filed a federal petition for a writ of habeas corpus. Flores-Ramirez's petition raises one ground for relief: insufficiency of the evidence. The petitioner appears to have avoided procedural default and statute of limitations bars to his federal habeas petition. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will direct the respondent to file an answer to the claims in the petition.

The petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Assistant Attorney General Corey F. Finkelmeyer at 17 W. Main Street, P.O. Box 7857, Madison, WI 53707-7857. After the answer is filed, copies should be sent to the Assistant Attorney General who filed the answer.

Accordingly,

**IT IS ORDERED** that the parties in this action shall proceed in accordance with the following briefing schedule:

1. Respondent shall file an answer to the claims in petitioner's petition within thirty (30) days of service thereof.

2. Petitioner shall file a supporting brief, with reasons why the writ of habeas corpus should be issued, within sixty (60) days of service of respondent's answer.

3. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of petitioner's brief, or within one hundred and twenty (120) days from the date of this order if no brief is filed by petitioner.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge