## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

_____

CESAR FLORES-RAMIREZ,

        Petitioner,

v.                                                           Case No. 06-C-0056

WILLIAM POLLARD,

        Respondent.

_____

## ORDER

On January 12, 2006, petitioner Cesar Flores-Ramirez ("Flores-Ramirez") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction for first-degree intentional homicide, as party to a crime. Wis. Stat. § 939.05. Flores-Ramirez contends that the evidence was insufficient to support the conviction, the only ground that Flores-Ramirez originally raised in his petition. The petitioner, however, moves to stay this action so that he may raise additional challenges to his conviction in state court, including ineffective assistance of counsel. For the reasons stated below, the court denies the motion to stay and denies the petition for a writ of habeas corpus.

## BACKGROUND

Flores-Ramirez was convicted of first-degree intentional homicide, as party to a crime. He appealed from the judgment of conviction, arguing that the evidence at trial was insufficient to support his conviction. The Wisconsin Court of Appeals affirmed the judgment, (*State of Wisconsin v. Flores-Ramirez*, Appeal No. 03-3478-CR (Wis. Ct.

App. Nov. 2, 2004)), and the Wisconsin Supreme Court denied a petition for review on January 11, 2005. His conviction became final on April 11, 2005, ninety days after the Wisconsin Supreme Court denied the petition for review on June 10, 1997. *See Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002) (noting that the period begins to run on the expiration of the time to petition the United States Supreme Court for certiorari). A one-year limitation period applies to a petition for habeas corpus. *See* 28 U.S.C. § 2244(d). Therefore, the petitioner's grounds are timely if they were filed before April 11, 2006.

On January 12, 2006, Flores-Ramirez filed a federal petition for a writ of habeas corpus, arguing that the evidence adduced at trial was insufficient to support the conviction. On March 30, 2006, the court reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and directed the respondent to file an answer to the insufficiency of the evidence claim. The respondent filed an answer on April 18, 2006. On July 5, 2006, the petitioner filed a brief in support of his petition. On July 20, 2006, the petitioner filed a motion to stay this action so that he may raise additional challenges to his conviction in state court, including ineffective assistance of counsel. On July 28, 2006, the respondent opposed the motion to stay because the ineffective assistance claims would be untimely. On August 16, 2006, the respondent filed a brief in opposition to the petition. On November 7, 2006, the court permitted the petitioner to file a legal memorandum in support of his motion to stay. The petitioner moved for an extension of time to file his

2

brief and filed it on December 4, 2006.[1] On December 14, 2006, the respondent filed an additional brief in opposition to the petitioner's motion to stay.

**ANALYSIS**

**I.   Motion to Stay**

The petitioner moves to stay this action so that he may raise additional challenges to his conviction in state court, including ineffective assistance of counsel. The respondent argues that the court should deny the motion because the petitioner's ineffective assistance claims would be untimely. The court agrees with the respondent.

A petitioner may amend a habeas petition as provided in the rules of procedure applicable to civil cases. 28 U.S.C. § 2242. Federal Rule of Civil Procedure 15(c) states that the amendment of a pleading relates back to the date of the original pleading if it "arose out of the conduct, transaction, or occurrence" set forth in the original pleading. Fed. R. Civ. P. 15(c)(2). In *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme Court rejected the notion that an amended habeas petition relates back to the original petition simply because the new ground for relief challenges the same criminal conviction. The Court held that "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* The court determines, and the petitioner does not dispute, that his ineffective assistance claims are based upon a different set of operative facts than the petitioner's insufficiency of the evidence claim. Therefore, the petitioner's grounds of ineffective assistance would be untimely, and the court denies the petitioner's motion to stay.

---

[1] The court grants the petitioner's motion for an extension of time.

The petitioner argues that he is allowed to amend his petition as a matter of course under Fed. R. Civ. P. 15(a) because the respondent's answer is not a responsive pleading. The petitioner is mistaken: an answer is a responsive pleading.

The petitioner also argues that the doctrine of equitable tolling excuses the untimely amendments. Specifically, the petitioner argues that he has a limited understanding of English. Equitable tolling excuses an untimely filing when "extraordinary circumstances" far beyond the prisoner's control prevented timely filing. *Taliani v. Chrans*, 189 F.3d 597, 597 (7th Cir. 1999). The doctrine is applied sparingly. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."). The language barrier and lack of legal knowledge, however, does not warrant equitable tolling. *See Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001), overruled on other grounds by *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001). The petitioner also faults the court for not issuing its Rule 4 order until March 30, 2006, two-and-one-half months after the petitioner filed the original petition. However, the petitioner remained free to amend his petition in a timely manner anytime between the filing of his petition and April 11, 2006, whether or not the court conducted a Rule 4 review. Also, the timing of the court's review did not prevent the petitioner from including ineffective assistance claims in his original petition. The petitioner's motion to stay will be denied.

4

**II.    Insufficiency of the Evidence**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief only if the state court's decision on the merits of the petitioner's claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was an "unreasonable determination of the facts in light of evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  The clearly established federal law applicable to this case is *Jackson v. Virginia*, 443 U.S. 307 (1979).  Under *Jackson*, a petitioner is entitled to habeas corpus relief if, viewing the evidence in the light most favorable to the prosecution, "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id.* at 324; *Cabrera v. Hinsley*, 324 F.3d 527, 533 (7th Cir. 2003).

The Wisconsin Court of Appeals identified the correct standard.  The Wisconsin Court of Appeals relied upon *State v. Poellinger,* 451 N.W.2d 752 (Wis. 1990). *Poellinger* sets forth the same standard articulated in *Jackson*: "an appellate court may not reverse a conviction unless the evidence, viewed most favorably to the state and the conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt."  *Id.* at 755; *see Adams v. Bertrand*, 453 F.3d 428, 432 (7th Cir. 2006) ("Wisconsin effectively duplicates the Supreme Court standard for sufficiency challenges," citing *Poellinger* and *Jackson*).

5

In the petitioner's case, the petitioner was tried as a party to a crime of first-degree intentional homicide which means that he is liable if he intentionally aids and abets the commission of the crime. *See* Wis. Stat. § 939.05. An aider and abettor is someone who knows or believes that another person is committing, or intends to commit, a crime and knowingly either: (a) renders aid to that person; or (b) stands by, ready and willing to render aid if needed, and the person who directly commits the crime knows of his or her willingness to help. *State v. Sharlow*, 327 N.W.2d 692, 698 (Wis. 1983).

The Wisconsin Court of Appeals described evidence adduced at trial that could lead a rational jury to convict the petitioner. Police officers observed the petitioner with blood spatter on his hat, face, shirt, hands, right pant leg and boot. The blood was consistent with the victim's blood. The petitioner gave three different versions of the events leading to the death of the victim; in one of those versions, the petitioner stated that he physically assaulted the victim. The petitioner ran and hid in a field when the police arrived. Although the petitioner testified that he was an innocent observer to the murder, the petitioner stayed with the co-defendant after the killing. The 242-pound victim was found in a ditch four-tenths of a mile away from the car, a blood trail leading from the road to the ditch and the victim's pants slightly down. As the court of appeals noted, the co-defendant may not have been able to drag the victim on his own. *See State v. Flores-Ramirez*, 690 N.W.2d 885 (Wis. Ct. App. 2004) (unpublished opinion). The court of appeals concluded that the jury heard sufficient evidence to support the petitioner's conviction. *Id.*

6

The petitioner argues that his presence at the scene of the crime and the victim's blood on the petitioner's clothing is not proof that the petitioner killed the victim. The petitioner argues that his co-defendant killed the victim. The petitioner also argues that there was insufficient evidence to show that the petitioner assisted his co-defendant in committing the crime. The petitioner argues that he provided inconsistent accounts of what had happened because he was threatened by his co-defendant and he was intoxicated when he was first questioned. (*See* petitioner's brief in support of petition for writ of habeas corpus 3-4, Jul. 5, 2006.)

Despite the petitioner's view of the evidence, the court cannot conclude that the Wisconsin Court of Appeals unreasonably applied *Jackson*. The petitioner was not merely present at the scene; the jury could reasonably conclude that the petitioner was covered in the victim's blood. The jury could reasonably infer that the petitioner was covered in the victim's blood because he aided and abetted his co-defendant in killing the victim. The jury could reasonably infer that the petitioner ran and hid from the police because he knew that he committed a crime. The jury could reasonably infer that the petitioner lied to cover up his crime. The jury could reasonably infer that the petitioner aided and abetted his co-defendant in light of the fact that he stayed with the co-defendant after the killing. The jury could infer that it took two men to drag the victim to the ditch. The petitioner's argument that the jury could have believed his testimony and interpreted the evidence differently is irrelevant. The standard is not whether any rational jury could have acquitted the petitioner; the standard is whether any rational jury could have found him guilty. In this case, the Wisconsin Court of

7

Appeals determined that the jury heard sufficient evidence to support the petitioner's conviction, and the court finds that the determination is not an unreasonable application of *Jackson*.

Accordingly,

**IT IS ORDERED** that the petition be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the action be and the same is hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that the petitioner's motion for a stay be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the petitioner's motion for an extension of time be and the same is hereby **GRANTED**.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of January, 2007.

BY THE COURT:

s/J. P. Stadtmueller
J. P. STADTMUELLER
U.S. District Judge